AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western Washington |
|---|---|
| Name (under which you were convicted):<br>Lia Yera Tricomo | Docket or Case No.: |
| Place of Confinement:<br>Washington Corrections Center for Women | Prisoner No.:<br>348594 |
| Petitioner (include the name under which you were convicted)<br>Lia Yera Tricomo,    v. | Respondent (authorized person having custody of petitioner)<br>Jeneva Cotton, Superindent; Washington State Department of Corrections |
| The Attorney General of the State of: Washington | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Thurston County Superior Court, Olympia, Washington

   (b) Criminal docket or case number (if you know):  13-1-00655-7

2. (a) Date of the judgment of conviction (if you know):  01/28/2015

   (b) Date of sentencing:  01/28/2015

3. Length of sentence:  357 months

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:  Murder in the Second Degree; Assault in the Second Degree (three counts); Taking a Motor Vehicle Without Permission

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☑ (2) Guilty     ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury      ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   Washington State Court of Appeals, Division Two

(b) Docket or case number (if you know):   47238-4-II

(c) Result:   Affirmed

(d) Date of result (if you know):   04/26/2016

(e) Citation to the case (if you know):   193 Wn. App. 1037 (2016) (unpub.)

(f) Grounds raised:   Amended opinion entered on 6/1/2016

1. Multiple convictions for assault and murder violated double jeopardy

2. The plea was not knowing and voluntary where Ms. Tricomo was misadvised of maximum sentence.

3. The trial court erred when not considering mitigating evidence at sentencing.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:   Washington State Supreme Court

(2) Docket or case number (if you know):   93379-1

(3) Result:   Denial of review

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): 11/02/2016

    (5) Citation to the case (if you know): 186 Wn.2d 1023, 383 P.3d 1024 (2016)

    (6) Grounds raised: 1. Double jeopardy was violated by multiple convictions.

    2. The guilty plea was invalid because of misadvice as to the maximum sentence.

    3. The sentencing court erred when not properly considering mitigating evidence.

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Washington State Court of Appeals, Division Two

    (2) Docket or case number (if you know): 51741-8-II

    (3) Date of filing (if you know): 12/29/2017

    (4) Nature of the proceeding: Personal Restraint Petition

    (5) Grounds raised: 1. Multiple convictions violated double jeopardy

    2. Prosecutorial misconduct and ineffective assistance of counsel to obtain guilty plea

    3. Defective charging documents

    4. Trial court erred by not considering prescribed medication in sentencing

    5. Counsel was ineffective at sentencing by not retaining the proper expert to evaluate the role of the medication Paxil as a mitigating factor.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes    ☑ No

(7) Result: Denial of PRP

Page 4 of 16

AO 241 (Rev. 09/17)

   (8) Date of result (if you know):   05/12/2020

 (b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised:

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

   (7) Result: _____

   (8) Date of result (if you know): _____

 (c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised:

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

         ☐ Yes    ☐ No

      (7) Result: _____

      (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☑ Yes    ☐ No

    (2) Second petition:    ☐ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

      **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   I received ineffective assistance of counsel in violation of the the right to counsel

protected by the Sixth and Fourteenth Amendments to the United States Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My lawyer did not hire the proper expert to evaluate the effect of the presribed medication, Paxil, on

on my behavior. He hired a psychologist who did not correctly understand the effect of Paxil. Had he retained

a qualified expert, such a psychiatrist, counsel could have properly presented the mitigating effects of this drug to

the judge who sentenced me. If the judge had been informed by a qualified expert of the mitigating effects

of Paxil, he would have given me a lesser sentence rather than a sentence at the high end of the range for

murder.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   The issue required information outside the record.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Personal Restraint Petition

Name and location of the court where the motion or petition was filed:   Washington State Court of Appeals, Division Two, Tacoma, Washington

Docket or case number (if you know):   51741-8-II

Date of the court's decision:   05/12/2020

Result (attach a copy of the court's opinion or order, if available):   PRP denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Washington State Supreme Court, Olympia, WA

Docket or case number (if you know):   98644-4

Date of the court's decision:   09/01/2021

Result (attach a copy of the court's opinion or order, if available):   Motion for discretionary review denied Commissioner's ruling, 6/4/2021; motion to modify denied 9/1/2021

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** Multiple convictions for assault and murder violated double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The murder conviction and assault convictions all stemmed from a single criminal episode with one intention of killing the same person, Mr. Alkins. I should have not received separate and increased sentences for the three assault counts and the one murder count and I should have been only sentenced for one murder count. Alternatively, I should have been sentenced only for one assault count and not three.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Personal Restraint Petition

Name and location of the court where the motion or petition was filed: Washington State Court of Appeals Division Two, Tacoma, WA

Docket or case number (if you know): 51741-8-II

AO 241 (Rev. 09/17)

Date of the court's decision: 05/12/2020

Result (attach a copy of the court's opinion or order, if available): PRP denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Washington State Supreme Court, Olympia, WA

Docket or case number (if you know): 98644-4

Date of the court's decision: 09/01/2021

Result (attach a copy of the court's opinion or order, if available): Motion for discretionary review denied

Commissioner's ruling denying review, 6/4/2021; Motion to modify denied, 9/1/2021

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** The guilty plea was not knowing and voluntary in violation of the Due Process Clause of the Fourteenth Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was told that the maximum sentence for the murder count was life in prison and 10 years for the assault counts. This was wrong. Under Blakely v. Washington, the maximum sentences were the top ends of the standard ranges (357 and 70 months). I was misadvised of the maximum sentences and the guilty plea was not knowing and voluntary, and I should have been allowed to withdraw the guilty plea.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    ☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

  (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

  I did not raise this issue in the PRP because it was fully raised in the direct appeal

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

  (2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes   ☐ No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes   ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    No. I have presented all issues to Washington State courts. To the extent, the courts did not rule on all issues on their merits, Martinez v. Ryan and subsequent cases allow this Court to consider them.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☑ Yes   ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.  Although the Washington Supreme Court denied review of my PRP on 9/1/2021, the Washington Court of Appeals has not yet issued its Certificate of Finality and thus the case is still pending and not final.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Deborah Murphy, PO Box 10054 Albuquerque, NM 87184-0054

(b) At arraignment and plea:   Robert Jimerson, 80 N Tribal Center Rd Skokomish Nation, WA 98584-974
Patrick O'Connor, Thurston County Public Defense, 926 24th Way SW Olympia, WA 98502-6002

(c) At trial:

(d) At sentencing:   Patrick O'Connor, Thurston County Public Defense, 926 24th Way SW Olympia, WA

(e) On appeal:   Greg Link, Washington Appellate Project
1511 3rd Ave Ste 610 Seattle, WA 98101-1683

(f) In any post-conviction proceeding:   I filed the PRP pro se without assistance of counsel. Counsel then filed an amended PRP. Neil Fox, 2125 Western Ave. Suite 330, Seattle, WA 98121

(g) On appeal from any ruling against you in a post-conviction proceeding:   Neil Fox
2125 Western Ave. Suite 330, Seattle, WA 98121

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely. There were at least 26 days (if not 32 days) left before I filed the PRP.
The state post-conviction proceedings are still pending as the Certificate of Finality has not been issued.
If it is issued before I sign and file this petition, I will have filed it before the 26 (or 32) days expired

Page 14 of 16

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Vacate my convictions and sentence

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus ~~was placed in the prison mailing system on~~ is true. ~~(month, date, year).~~

Executed (signed) on  X 10/13/21 (date).

                                  X _[signature]_____
                                    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.