UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIA YERA TRICOMO, | CASE NO. 3:21-cv-05792-DGE- |
| Petitioner, | DWC |
| v. | ORDER ADOPTING SECOND REPORT AND RECOMMENDATION (DKT. NO. 39) |
| JENEVA COTTON, | |
| Respondent. | |

## I    INTRODUCTION

This matter comes before the Court on the Second Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel (Dkt. No. 39).  For the reasons discussed herein, the Court ADOPTS the R&R and denies Petitioner Lia Year Tricomo's petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2554.

The Court mostly agrees with the R&R's reasoning[1] but, as explained below, departs in part from Judge Christel's ruling on Ms. Tricomo's first ground for relief—namely that she "received ineffective assistance of counsel in violation of the right to counsel protected by the Sixth and Fourteenth Amendments" because her sentencing lawyer "did not hire the proper expert to evaluate the effect of the prescribed medication, Paxil," on Ms. Tricomo's behavior. (Dkt. No. 1 at 5.)

## II        BACKGROUND

The procedural and factual background of this case has been discussed at length in Judge Christel's prior R&Rs (Dkt. Nos. 24, 39) and the Court incorporates these by reference. Nonetheless, the Court briefly recounts the procedural history of the latest R&R.

On April 8, 2022, Judge Christel issued the First R&R, which recommended denying the second and third grounds of Ms. Tricomo's Petition[2] but ordering an evidentiary hearing as to the first ground (ineffective assistance of counsel ("IAC")).  (Dkt. No. 24 at 38.)  While the R&R was pending before this Court, the Supreme Court issued *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), which dramatically narrowed the scope of relief afforded to parties seeking federal habeas relief on the basis of IAC claims.  In light of *Shinn*, the Court declined to adopt Judge Christel's First R&R and referred the matter back to Judge Christel for further review.  (Dkt. No. 31.)  After receiving additional briefing from the parties (Dkt. Nos. 34, 36, 38), Judge Christel

---

[1] The Court notes that Ms. Tricomo did not object to Judge Christel's denial of the second and third grounds for her petition (*see* Dkt. No. 40 at 1) and the Court approves of Judge Christel's recommendation as to these grounds in their entirety.

[2] The second ground for relief raised in the Petition is that Ms. Tricomo's multiple convictions for assault and murder violated the double jeopardy provisions of the Fifth and Fourteenth Amendments.  (Dkt. No. 1 at 7.)  The third ground for relief raised in the Petition is that Ms. Tricomo did not knowingly and voluntarily plead guilty in violation of the Fourteenth Amendment's Due Process Clause.  (*Id.* at 8.)

1    issued his Second R&R on October 31, 2022, which recommended denying Ms. Tricomo's

2    Petition on all grounds.  (Dkt. No. 39 at 1.)  Ms. Tricomo filed objections to the Second R&R on

3    November 14, 2022.  (Dkt. No. 40.)  And Respondent Jeneva Cotton filed a response to Ms.

4    Tricomo's objections on November 23, 2022.  (Dkt. No. 41.)

5                                        **III        DISCUSSION**

6        **A.  Legal Standard**

7            "To respect our system of dual sovereignty, the availability of habeas relief is narrowly

8    circumscribed."  *Shinn*, 142 S. Ct. at 1730 (citation omitted).  Federal courts may only grant

9    habeas relief under the Antiterrorism and Effective Death Penalty Act ("AEDPA") in limited

10   circumstances.  Under AEDPA, the Court may grant habeas relief if the adjudication of a claim

11   in state court "resulted in a decision that . . . involved an unreasonable application of, clearly

12   established Federal law, as determined by the Supreme Court of the United States; or . . . was

13   based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).  "The question under

14   AEDPA is thus not whether a federal court believes the state court's determination was incorrect,

15   but whether that determination was unreasonable—'a substantially higher threshold' for a

16   prisoner to meet."  *Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022).

17           Out of concerns for comity and finality, a federal court typically may not review "the

18   merits of claims, including constitutional claims, that a state court declined to hear because the

19   prisoner failed to abide by a state procedural rule."  *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

20   Notwithstanding this limitation, a court may review a federal habeas claim that has been

21   procedurally defaulted if "the prisoner can demonstrate cause for the default and actual prejudice

22   as a result of the alleged violation of federal law."  *Coleman v. Thompson*, 501 U.S. 722, 750

23

24

1   (1991).  The *Coleman* court clarified that attorney ignorance or error did not constitute "cause"

2   to excuse procedural default.  *Id.* at 753.

3        In *Martinez*, the Supreme Court modified its ruling in *Coleman* and held that

4   "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause

5   for a prisoner's procedural default of a claim of ineffective assistance at trial."  566 U.S. at 9.

6   Under the equitable principles articulated in *Martinez*, a petitioner may show cause to overcome

7   procedural default if they can establish:

8        (1) the underlying ineffective assistance of trial counsel claim is "substantial"; (2)
         the petitioner was not represented or had ineffective counsel during the PCR
9        proceeding; (3) the state PCR proceeding was the initial review proceeding; and (4)
         state law required (or forced as a practical matter) the petitioner to bring the claim
10       in the initial review collateral proceeding.

11  *Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014).  "Substantiality" requires a petitioner to

12  demonstrate that "'reasonable jurists could debate whether (or, for that matter, agree that) the

13  petition should have been resolved in a different manner or that the issues presented were

14  adequate to deserve encouragement to proceed further.'"  *Detrich v. Ryan*, 740 F.3d 1237, 1245

15  (9th Cir. 2013) (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  Counsel is considered

16  to have been "ineffective" under the second *Martinez* prong if  "counsel made errors so serious

17  that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

18  Amendment . . . [and] the deficient performance prejudiced the defense."  *Strickland v.*

19  *Washington*, 466 U.S. 668, 687 (1984); *see also Detrich*, 740 F.3d at 1245.

20       Overhanging this elaborate set of judicial remedies, however, lies AEDPA.  And the

21  Supreme Court recently elaborated in *Shinn* and *Shoop* that equitable remedies must yield to

22  AEDPA's statutory directives.  *See Shinn*, 142 S. Ct. at 1736.  In particular, the *Shinn* court

23  emphasized the language of 28 U.S.C. § 2254(e)(2), which directs that courts shall not hold

24

evidentiary hearings where "the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2).  And *Shoop* reenforced that such an analysis must be conducted  "at the outset" before even reaching the question of whether an evidentiary hearing is appropriate.  142 S. Ct. at 2044.  The Supreme Court in *Shinn* made clear that a petitioner may "fail" to develop the record through the negligence of their counsel.  Indeed, the Court emphasized that "'a failure to develop the factual basis of a claim,' as § 2254(e)(2) requires, 'is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner *or the prisoner's counsel*.'"  *Id.* at 1735.[3]

**B.  *Shinn* compels a finding that Petitioner "failed to develop" the factual basis of her claims in state court**

The Second R&R did not directly address whether Petitioner "failed to develop" the record in state court, which the Court understands to be a preliminary matter under *Shinn* and *Shoop*.  The Court finds, under the reasoning of *Shinn*, Petitioner ultimately failed to develop the trial court record and the Court cannot hold an evidentiary hearing.

As discussed above, *Shinn* reaffirmed that the equitable remedy created by *Martinez* remains subject to the language of 28 U.S.C. § 2254(e)(2), which precludes an evidentiary hearing where the petitioner failed to develop the factual basis for their claim in state court proceedings.  A petitioner "fails" to develop the factual basis for their claim where there is either a "lack of diligence, or some greater fault." *Williams v. Taylor*, 529 U.S. 420, 432 (2000); *see*

---

[3] As noted by Justice Sotomayor, *Shinn* "all but overrules" *Martinez* and *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), creating a situation where a petitioner's default may be excused by IAC but that IAC bars the holding of an evidentiary hearing because counsel's negligence is attributable to the petitioner.  *Id.* at 1747 (Sotomayor, J., dissenting); *see also Habeas Corpus-Ineffective Assistance of Counsel-Procedural Default-Shinn v. Ramirez*, 136 Harv. L. Rev. 400, 404 (2022) (noting that "despite the double ineffectiveness of state-provided counsel, the petitioner is barred from developing the evidence required to prove her underlying claim on the merits--a result that 'guts Martinez's and Trevino's core reasoning.'").

1    *also Shinn*, 142 S. Ct. at 1734 (noting that "[a] prisoner is 'at fault' if he 'bears responsibility for

2    the failure' to develop the record.").

3            Ms. Tricomo bears responsibility for her failure to develop the state court record.  As in

4    *Shinn*, Ms. Tricomo failed to raise her specific IAC claims in state court in accordance with state

5    procedural rules—namely, Ms. Tricomo did not raise in her first personal restraint petition

6    ("PRP") the argument that she suffered from IAC when her sentencing counsel failed to retain

7    the proper expert to introduce evidence about the role that Paxil may have played in her violent

8    behavior.  (*See* Dkt. No. 15-1 at 238–247).  While Ms. Tricomo's counsel subsequently raised

9    this specific argument in an amended PRP (*see* Dkt. No. 15-2 at 2) and sought an evidentiary

10   hearing, the Washington Court of Appeals ultimately determined that Ms. Tricomo's argument

11   was untimely and that it did not "possess the inherent authority to extend the statutory time-bar."

12   (Dkt. No. 15-1 at 24.)

13           Ms. Tricomo also argues that the Court should view Judge Marsha J. Pechman's ruling in

14   *Mothershead v. Wofford*, No. C21-5186 MJP, 2022 WL 2275423 (W.D. Wash. June 23, 2022),

15   *motion to certify appeal granted*, No. C21-5186 MJP, 2022 WL 2755929 (W.D. Wash. July 14,

16   2022) as persuasive authority and that *Mothershead* supports a finding that Ms. Tricomo did not

17   fail to develop the record.  (Dkt. No. 40 at 9–10.)  The Court finds *Mothershead* distinguishable.

18   The petitioner in *Mothershead* actually raised her IAC claim in her first, timely PRP, unlike Ms.

19   Tricomo.  *See Mothershead*, 2022 WL 2275423 at *1.  This matter was decisive for Judge

20   Pechman, who noted that "[t]he record here shows Petitioner's consistent efforts to squarely

21   present the merits of her IAC claim to the State courts in her PRP."  *Id.* at *5.  Here, Ms.

22   Tricomo's failure to initially raise her specific IAC argument on collateral review prevented the

23

24

1    Washington state courts from assessing the merits of her arguments until much later in the appeal

2    process.

3        The Court is also not convinced that the holding of *Shinn* is as narrow as Judge

4    Pechman's construction. Judge Pechman argued that "[i]f postconviction counsel's negligence

5    not only inures to the petitioner but also undercuts any other record of diligence, then §

6    2254(e)(2) will apply to every procedurally-defaulted postconviction IAC claim." *Id.* at *6.  But

7    the Court in *Shinn* in no uncertain language held that "under § 2254(e)(2), a prisoner is 'at fault'

8    even when state postconviction counsel is negligent," *Shinn*, 142 S. Ct. at 1735, and we agree

9    with other courts that have construed this language to "close[] the door on many petitioners'

10   arguments and ability to overcome the procedural default of ineffective assistance of trial

11   counsel claims." *MICHAEL E. BOSSE, Petitioner, v. WARDEN TYRELL DAVIS*, Respondent.,

12   No. 1:21-CV-00256-BLW, 2023 WL 35278, at *3 (D. Idaho Jan. 4, 2023); *see also Shinn*, 142 S.

13   Ct. at 1750 (Sotomayor, J., dissenting) ("The Court's decision thus reduces to rubble many

14   habeas petitioners' Sixth Amendment rights to the effective assistance of counsel.").

15       Ms. Tricomo's status as a pro se when filing her PRP is also not sufficient to excuse the

16   requirements of § 2254(e)(2).  The Court disagrees with the conclusion of the court in *Marks v.*

17   *Johnson*, No. 217CV01413JCMBNW, 2022 WL 13815652, at *4 (D. Nev. Oct. 21, 2022) that

18   Shinn did not assess whether § 2254(e)(2) applied to a petitioner "who was pro se in his state

19   habeas action, failed to develop the factual basis of a claim in that action within the meaning of §

20   2254(e)(2)." *Id.* at *4.  The Supreme Court in *Shinn* specifically contemplated pro se applications

21   when it noted that "'a failure to develop the factual basis of a claim,' as § 2254(e)(2) requires, 'is

22   not established unless there is lack of diligence, or some greater fault, attributable **to the**

23   **prisoner** or the prisoner's counsel.'"  *Shinn*, 142 S. Ct. at 1735 (emphasis added).

24

1    Given the broad reach of *Shinn*, the Court is compelled to find that Ms. Tricomo failed to

2  develop the record and thus the Court is barred from conducting an evidentiary hearing regarding

3  her underlying IAC claim.

4  **C. Petitioner's other objections are unavailing**

5    The Court approves of Judge Christel's analysis that 28 U.S.C. § 2254(d) bars relief even

6  on the basis of the existing state court record.  Ms. Tricomo appears to argue Judge Christel

7  applied the wrong standard in assessing her *Martinez* claim.  (Dkt. No. 40 at 6.)  However, Judge

8  Christel's analysis focused on whether Ms. Tricomo's IAC claim was "substantial" (Dkt. No. 39

9  at 18–19)—the same standard Ms. Tricomo asserts should apply.  An IAC claim is substantial or

10  has merit "where (1) counsel's 'performance was unreasonable under prevailing professional

11  standards,' and (2) 'there is a reasonable probability that but for counsel's unprofessional errors,

12  the result would have been different.'"  *Cook v. Ryan*, 688 F.3d 598, 610 (9th Cir. 2012).  The

13  Court agrees that "Petitioner has not shown there is a reasonable probability that the result would

14  have been different had Petitioner's sentencing counsel  submitted the new evidence attached to

15  the amended PRP to the trial court."  (Dkt. No. 39 at 21.)  Nor is the Court convinced the

16  different results reached by the First and Second R&R indicate there is a reasonable probability

17  Ms. Tricomo would prevail on her underlying IAC claim.  The state court record indicates the

18  sentencing judge considered the impacts of Paxil on Ms. Tricomo, various psychological

19  opinions, and only excluded a small portion of Ms. Tricomo's expert's report.  (*See, e.g.*, Dkt.

20  No. 15-2 at 657–60.)

21    For these same reasons, the Court adopts Judge Christel's recommendation that no

22  certificate of appealability ("COA") be issued.  *See Martinez*, 566 U.S. at 14 (incorporating the

23

24

standard for determining whether to issue a "COA" into the Court's substantiality analysis for a procedurally defaulted IAC claim.).[4]

## IV        CONCLUSION

Accordingly, the Court, having reviewed the Report and Recommendation of Magistrate Judge David W. Christel (Dkt. No. 39), objections to the Report and Recommendation, and the remaining record, does hereby find and ORDER:

 (1) The Court ADOPTS the Report and Recommendation.

 (2) Petitioner's federal habeas Petition (Dkt. 1) is DENIED and a certificate of appealability is DENIED.

 (3) The Clerk is directed to send copies of this Order to counsel for Petitioner, counsel for Respondent, and to the Hon. David W. Christel.

Dated this 18th day of January, 2023.

David G. Estudillo
United States District Judge

---

[4] The Court does not consider Ms. Tricomo's constitutional objections to the COA process (*see* Dkt. No. 40 at 11–12) as these are not properly before the Court.

ORDER ADOPTING SECOND REPORT AND RECOMMENDATION (DKT. NO. 39) - 9